# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40442
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE STEWART,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-505-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

George Stewart appeals his jury trial convictions for one count of conspiracy to transport an undocumented alien and two counts of transporting an undocumented alien for purpose of commercial advantage and private financial gain. Stewart asserts that the district court erred by providing a jury instruction on deliberate ignorance and that the evidence was insufficient to support his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40442

Stewart's assertion that the district court abused its discretion by giving the jury a deliberate ignorance instruction is without merit. *See United States v. Orji-Nwosu*, 549 F.3d. 1005, 1008 (5th Cir. 2008). The instruction is appropriate only if a defendant claims a lack of guilty knowledge and the evidence presented at trial supports inferences that "(1) the defendant was subjectively aware of a high probability of the existence of the illegal conduct; and (2) the defendant purposely contrived to avoid learning of the illegal conduct." *United States v. Brooks*, 681 F.3d 678, 701 (5th Cir. 2012) (internal quotation marks and citation omitted). In light of Stewart's continued protestations of ignorance in the face of suspicious circumstances and his failure to question the legality of the operation or to ascertain the contents of the rental truck he was paid handsomely to drive across Texas, it was appropriate for the district court to instruct the jury on deliberate indifference. *Id.* Despite Stewart's argument otherwise, the district court issued a balancing instruction reminding the jury that deliberate ignorance was one way to establish knowledge but that "knowledge is still something that must be proved."

Regarding the conspiracy conviction, Stewart argues that the Government failed to establish all elements of the offense, although he argues primarily that the evidence at trial failed to establish that he knew that ten undocumented aliens were hidden in the cargo area of the rental truck. Because Stewart did not renew his motion for a judgment of acquittal after the close of evidence, we review for plain error. *See United States v. Delgado*, 672 F.3d 320, 330-31 & n.9 (5th Cir. 2012) (en banc); *Puckett v. United States*, 556 U.S. 129, 135 (2009). For insufficient evidence to rise to the level of plain error, the record must be "devoid of evidence pointing to guilt" or the evidence must

be "so tenuous that a conviction is shocking." *Delgado*, 672 F.3d at 331 (internal quotation marks, citation, and emphasis omitted).

The record is not devoid of evidence that Stewart voluntarily participated in a conspiracy to transport an undocumented alien, nor is the evidence to that end so tenuous that his conviction is shocking. *See Delgado*, 672 F.3d at 331; *see also United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013); 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I). The jury heard testimony that a stranger offered Stewart $2,000 to drive a rental truck across Texas; that he paid for Stewart's expenses and provided him a fake Penske driver's uniform; that the stranger instructed Stewart to open a bank account with a false address, to drive a circuitous route to a checkpoint with fewer border patrol agents and canines, and to lie to border patrol agents about his occupation as a commercial driver and his route; Stewart admitted that he knew his actions were not legitimate. Stewart was nervous as he approached the checkpoint and during the primary border patrol inspection; he gave inconsistent statements to federal agents. *See United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988); *United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990). At the very least, as discussed above, Stewart was aware of the high probability of the existence of the illegal conduct and purposely blinded himself to that conduct, and the jury was free to find the requisite knowledge based on his deliberate ignorance. *See Brooks*, 681 F.3d at 701; *see also United States v. St. Junius*, 739 F.3d 193, 206 (5th Cir. 2013). The same conduct shows that the record is not devoid of evidence establishing that Stewart aided and abetted the transportation of undocumented aliens for financial gain. *See Delgado*, 672 F.3d at 331; *see also United States v. Villanueva*, 408 F.3d 193, 201 (5th Cir. 2005); § 1324(a)(1)(A)(ii), (v)(II).

No. 17-40442

The record reflects a clerical error in the written judgment with respect to one of the statutory subsections under which Stewart was convicted. The judgment provides that Stewart was convicted of aiding and abetting under § 1324(a)(A)(v)(II), but the correct subsection is § 1324(a)(1)(A)(v)(II). Accordingly, we remand for correction of the written judgment in accordance with Federal Rule of Criminal Procedure 36.

AFFIRMED; LIMITED REMAND FOR CORRECTION OF JUDGMENT.